IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLTON REID, | * |
| Plaintiff, | * |
| v. | *  CIVIL ACTION FILE NO. |
| HENRY COUNTY, GEORGIA and OFFICER T.W. SLATON, | * |
| Defendants. | * |

## COMPLAINT

COMES NOW Plaintiff and files this Complaint against Defendants, showing the Court as follows:

## INTRODUCTION

1.

This is a 42 U.S.C. §1983 action arising from the unreasonable seizure of the Plaintiff's person by a law enforcement officer in violation of the Fourth Amendment to the United States Constitution, as well as in retaliation for protected speech under the First Amendment. Plaintiff has alleged federal constitutional claims against both Defendants under Section 1983, as well as pendant state law claims for negligence, false arrest and/or imprisonment, and malicious prosecution against the individual officer only.

## JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §1331, §1343, and the aforementioned constitutional and statutory provisions.  Plaintiff further invokes the pendant or supplemental jurisdiction of this Court to decide claims arising under state law pursuant to 28 U.S.C. §1367.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose in Henry County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia, and on the further grounds that one or more Defendants is domiciled within said District and Division.

4.

All of the parties herein are subject to the jurisdiction of this Court.

## PARTIES

5.

Plaintiff Carlton Reid is a citizen of the United States and a resident of Henry County, Georgia.

6.

Defendant Henry County is a duly organized and existing county government under the laws of the state of Georgia that has the capacity to sue and be sued, and which may be served through the Chairman of its Board of Commissioners, Elizabeth "BJ" Mathis, or its County Manager, James Sanders, at 140 Henry Parkway, McDonough, Georgia 30253.

7.

Defendant T.W. Slaton is an individual who was, at all times relevant herein, a police officer employed by Defendant Henry County who acted within the scope of his employment and pursuant to the policies and procedures of the county as established by its police department, who may be served by request for waiver of service by mail pursuant to F.R.C.P. 4(d).

8.

At all times relevant herein, the above-named Defendants acted under color of state law and on behalf of Henry County, Georgia.

**FACTUAL ALLEGATIONS**

9.

At approximately 1:00 A.M. on May 27, 2010, Plaintiff finished his workday as a truck driver and his wife, son, and a friend of his son picked him up

at work in the family's Honda Accord.

10.

Plaintiff got into the driver's seat, and as he was driving home along Highway 20 West in McDonough, he passed a police car that was sitting in a parking lot facing the road.

11.

Defendant Slaton, who was sitting in the parked police car with his video camera on, watched several cars go by and then decided to pull out and follow the car driven by Plaintiff.

12.

Defendant Slaton followed the Reid's Honda Accord, with the video camera running, until the Accord merged into a turn lane to go left on Simpson Mill Road, at which time Defendant decided to initiate a traffic stop on the vehicle for not using a turn signal.

13.

Plaintiff pulled over when he saw the blue lights of the patrol car, and Defendant got out of the car and approached the Accord.

14.

Defendant Slaton asked Plaintiff for his license, and Plaintiff asked why he

was being pulled over.

15.

"I got a reason," Defendant said, but did not elaborate.

16.

Defendant was not required at that point in time to tell Plaintiff why he was being stopped, but Plaintiff was within his rights to ask.

17.

Plaintiff continued to ask why he was being stopped, but he also handed his driver's license to Defendant, as requested, and said "here you go" as he handed it to him.

18.

Defendant Slaton then demanded that Plaintiff's wife produce her identification as well.

19.

Mr. Reid, who was driving and had already given his license to Defendant, continued to ask why he had been stopped.

20.

Defendant repeated his command to Plaintiff's wife, and she turned over her identification as well.

21.

Defendant then demanded identification from Plaintiff's son and his friend in the back seat of the car.

22.

Plaintiff asked Defendant why he needed identification from the son and his friend since they were not driving, and Plaintiff explained that his son was disabled and didn't have identification on him.

23.

Defendant then informed Plaintiff that he was pulled over because of a faulty turn signal light.

24.

Plaintiff then asked Defendant if he could test the signal and see if it was working, and Defendant responded by radioing for backup and commanding everyone to stay in the car.

25.

When the backup officers arrived, they asked Defendant why he had called for backup, and Defendant told them that he had made a traffic stop and did not want anyone to get out of the car.

26.

The backup officers, perplexed about why they that they had been called, asked Defendant if he had charges on anyone in the car, and Defendant said that he was going to try to bring charges against the driver.

27.

At some point during the traffic stop, Defendant ran background checks on the occupants of the Accord, and the names of both Plaintiff and his wife came up on the computer in connection with a trespassing warrant at the address where they lived.

28.

Plaintiff and his wife explained that the trespassing warrant related to a complaint that they themselves had made against Plaintiff's ex-wife for harassing them at their home, and that there was no warrant outstanding for Plaintiff and his wife, who could not be charged with trespassing on their own property.

29.

After hearing that explanation, Defendant was able to determine that there was no outstanding warrant against Plaintiff or his wife for which they could be arrested in connection with the incident in the computer system.

30.

Instead, Defendant decided to arrest Plaintiff for obstruction of an officer, telling Plaintiff that he had disobeyed Defendant's verbal commands to produce his driver's license.

31.

In fact, Defendant had requested the license and Plaintiff had given it to him, and Plaintiff's question about why he had been stopped was protected speech under the First Amendment that did not constitute obstruction under Georgia law.

32.

Defendant handcuffed Plaintiff and took him to the Henry County Jail, where he was incarcerated for several hours until Plaintiff's wife was able to post a $700 bond for his release.

33.

In order to obtain a warrant on the charge of obstruction, Defendant falsely swore on the warrant application that "Mr. Reid Carlton [sic] along with four other persons, would not give me his driver's license as requested."

34.

Defendant swore falsely that Plaintiff and the other three occupants of the car – who were not arrested – had refused to hand over their driver's licenses,

despite the fact that it was obvious from the video that Plaintiff had given his license to Defendant.

35.

On July 23, 2010, the obstruction charge was dismissed by the Henry County Solicitor, thereby terminating the prosecution that Defendant Slaton had initiated against Plaintiff.

36.

This was not the first time that Defendant Slaton had overreacted to a situation of his own creation and had falsely charged a citizen.

37.

Defendant Henry County, through its chief of police and other police department administrators, was aware that Defendant Slaton had a history of being overly aggressive in the enforcement of traffic laws, of making arrests when it was not appropriate to do, of improperly engaging in pursuits, of tending to forget departmental policies in stressful situations, of being short on temper in his dealings with citizens, and of misapplying departmental operating rules.

38.

Despite the foregoing pattern of misconduct by Defendant Slaton in the years and months leading up to the subject incident, and despite Slaton's own

admission to the department that he failed to consider policies when under pressure, he was given minimal discipline by Defendant Henry County and allowed to continue working as a county police officer without being appropriately retrained or subject to heightened supervision.

39.

The flip side of Defendant Slaton's overly aggressive policing was that he made a large number of arrests and traffic citations – issuing more citations in 2007 than any officer in the department – which produced revenue for the county and encouraged police department administrators to downplay the seriousness of Defendant Slaton's misconduct.

40.

Defendant Henry County's decision to retain Defendant Slaton as a police officer and its failure to provide appropriate oversight, discipline and training to Slaton in view of his obvious record of blatant misconduct, were defective policy decisions amounting to deliberate indifference to the foreseeable consequences of Slaton's misconduct, including the likelihood that he would violate the constitutional rights of citizens such as the Plaintiff herein.

41.

At all times relevant herein, Defendant Henry County maintained an

inadequate system of monitoring, supervising and retraining police officers engaged in misconduct and failed to develop and implement appropriate policies and procedures to ensure that officers engaged in misconduct would not continue to violate policies, rules and the rights of citizens, and such systemic deficiencies constituted a defective custom, policy or practice on the part of Defendant Henry County.

42.

Said deliberate indifference and defective customs, polices and practices on the part of Defendant Henry County were the moving force behind the violation of Plaintiff's constitutional rights by Defendant Slaton, which would not have occurred had Defendant Henry County maintained appropriate policies and procedures and not acted with deliberate indifference in the retention, supervision and training of Defendant Slaton.

## THEORIES OF RECOVERY

43.

The aforementioned arrest and prosecution of Plaintiff Carlton Reid by Defendant Slaton without arguable probable cause constituted an unreasonable seizure of the Plaintiff's person in violation of the Fourth Amendment of the United States Constitution.

44.

The aforementioned conduct of Defendant Slaton was also a violation of the First Amendment of the United States Constitution to the extent that the arrest and prosecution were initiated in retaliation for constitutionally protected speech that did not provide the basis for a lawful arrest under the Fourth Amendment.

45.

At all times relevant herein, Defendant Slaton acted pursuant to the customs, policies, and practices of Defendant Henry County, which is liable for any and all federal constitutional violations committed against Plaintiff by Defendant Slaton.

46.

Said customs, policies, and practices of Defendant Henry County and its deliberate indifference in failing to develop and implement appropriate customs, policies, and practices, and in failing to properly supervise and train Defendant Slaton, were the moving force behind the constitutional violations complained of by Plaintiff.

47.

The law being clearly established in 2010 that a police officer may not give false testimony in support of an application for an arrest warrant or otherwise cause

a person to be arrested and prosecuted without arguable probable cause, Defendant Slaton is not entitled to qualified immunity under federal law.

48.

Defendant Slaton's conduct toward Plaintiff was unreasonable and breached the standard of care that would be exercised by a reasonable police officer under similar circumstances, and accordingly, it amounted to negligence under Georgia law for which said Defendant is liable to Plaintiff.

49.

Defendant Slaton's detention and arrest of Plaintiff without probable cause amounted to false imprisonment and/or false arrest under Georgia law for which said Defendant is liable to Plaintiff.

50.

Maliciously and without probable cause, Defendant Slaton commenced a criminal prosecution against Plaintiff that was ultimately terminated in Plaintiff's favor, which amounted to malicious prosecution under Georgia law for which said Defendant is liable to Plaintiff.

51.

Having acted with actual malice in knowingly arresting and filing charges against Plaintiff without probable cause, and with intent to injure or do wrong,

Defendant Slaton is not entitled to official immunity under Georgia law.

52.

As a direct and proximate result of the above described conduct of Defendants, Plaintiff Carlton Reid was unreasonably and unlawfully arrested without probable cause, was falsely imprisoned and deprived of his liberty, was subjected to physical restraint, confinement, and mental suffering and emotional distress that is expected to continue into the future, and was forced to post a cash bond and incur out of pocket expenses for which Defendants are liable to Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

53.

The aforementioned misconduct of Defendant Slaton rose to such a level of bad faith, willfulness, and reckless disregard for the consequences as to authorize the imposition of punitive damages against him to the extent permitted by federal and state law.

54.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands the following:

a)   That this action be tried by a jury;

b)   That judgment be entered in favor of Plaintiff and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c)   That Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

d)   That all costs of this action be taxed against Defendants; and

e)   That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

          Respectfully submitted,


          /s/ Craig T. Jones
          CRAIG T. JONES
          Ga. Bar No. 399476
          Attorney for Plaintiff

PAGEP PERRY, LLC
1040 Crown Pointe Parkway
Suite 1050
Atlanta, GA  30338
(770) 673-0047
cjones@pageperry.com